# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

KEITH D. NEFF, et al.,

               Plaintiffs,

    v.

COMMISSIONERS OF SCHUYLKILL
COUNTY HALCOVAGE, BENDER &
HESS, et al.,

               Defendants.

CIVIL ACTION NO. 3:21-CV-00993

(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court are a series of Complaints, supplements, and memoranda filed by *pro se* prisoner-Plaintiff Keith D. Neff beginning on June 3, 2021.[1] (Doc. 1; Doc. 8; Doc. 9; Doc. 11; Doc. 13; Doc. 14; Doc. 16; Doc. 17; Doc. 19; Doc. 20; Doc. 21; Doc. 22; Doc. 23; Doc. 25; Doc. 26; Doc. 27; Doc. 30; Doc. 31; Doc. 33; Doc. 34; Doc. 36; Doc. 37; Doc. 38; Doc. 39; Doc. 41; Doc. 42; Doc. 43; Doc. 44; Doc. 45; Doc. 46; Doc. 47; Doc. 48; Doc. 49; Doc. 50; Doc. 51; Doc. 52; Doc. 53; Doc. 54). Neff is currently incarcerated at the Schuylkill County Prison, located in Pottsville, Pennsylvania. (Doc. 1, at 6; Doc. 39, at 9). Through his prolific submissions, Neff seeks damages, punitive damages, and injunctive relief against a variety of county officials, judicial officers, and law enforcement and prison personnel. The Court has conducted its statutorily-mandated screening of the Complaint in

---

[1]In an Amended Complaint, Neff includes the following additional Plaintiffs: (1) Laura Johnson, (2) Angelica Maready, (3) Nicole Savage, (4) Mariah Lewis, (5) Jill Datchko, (6) Monica Mika, and (7) Kathy Tonkin. (Doc. 14, at 1). These purported parties can be added to this case only by tendering filing fees to the Clerk of Court, by filing their own motions for leave to proceed *in forma pauperis*, or through a motion to certify a class action.

accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). For the reasons provided herein, the Court finds that the Complaint fails to state a claim and grants Neff leave to file an amended complaint.

I.    **BACKGROUND AND PROCEDURAL HISTORY**

Neff, proceeding *pro se*, initiated the instant action by filing the Complaint in this matter on June 3, 2021.[2] (Doc. 1). The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the Complaint and dismiss it if it fails to state a claim upon which relief can be granted.

II.    **DISCUSSION**

A.  **STANDARD**

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Neff is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil

---

[2] Neff also filed one effective Motion for Leave to Proceed *in forma pauperis* which is granted by separate order. (Doc. 32).

Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cnty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor

need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair

4

notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

At the outset, the complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Neff fails to simply, concisely, and directly allege what his claims are, and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Neff's Amended Complaint merely states in conclusory fashion that he was maliciously prosecuted, that he "fell victim to slander," and that he was falsely imprisoned. (Doc. 13, at 3). The facts to which Defendants are to respond are absent from this document. (Doc. 13).

5

In its current form, the complaint would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. Accordingly, Neff's complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted. [3]

The Court further observes that subsequent to the filing of the original and amended complaints, Neff submitted numerous documents, including "mandamus complaints," supplements, amendments, "memorandums," and "writs of habeas corpus." (Doc. 8; Doc. 9; Doc. 11; Doc. 14; Doc. 16; Doc. 17; Doc. 19; Doc. 20; Doc. 21; Doc. 22; Doc. 23; Doc. 25; Doc. 26; Doc. 27; Doc. 30; Doc. 31; Doc. 33; Doc. 34; Doc. 36; Doc. 37; Doc. 38; Doc. 39). The Court has reviewed these documents, construing them liberally. Notably, it appears that several of these filings, which are largely rambling and incomprehensible, overlap with other actions involving Neff. *See Neff v. Wapinski, et al.*, No. 4:21-CV-01334 (M.D. Pa.  July 30, 2021); *Neff v. Comm's of Centre Cnty., et al.*, No. 3:21-CV-01342 (M.D. Pa. July 30, 2021. Despite the various cross-references, "[n]either Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [Neff] to submit numerous addenda to his Complaint in this piecemeal fashion." *See Lewis v. Sessions*, No. CV 17-5475(FLW), 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017); *see also Walthour v. Child & Youth Servs.*, No. CIV.A 09-03660, 2009 WL 5184465, at *1–2 (E.D. Pa. Dec. 21, 2009) ("Plaintiffs' pleadings, amendments, and supplemental filings are disjointed and incomplete … Defendants cannot be on notice of the claims against them if they are not

---

[3] The Court notes that the complaint may also be subject to dismissal because a challenge to the fact or duration of physical confinement must be brought in a writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

named in the caption, nor can they adequately respond to claims scattered throughout various pleadings and supplemental filings."). Simply stated, Neff's vague and fragmented filings fail to overcome the pleading deficiencies contained in his complaint. [4]

For these reasons, the Court finds that Neff's complaint fails to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

## C. LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-

---

[4] Even if the Court liberally construed Neff's disjointed submissions as a single amended complaint, filed as a matter of course under Rule 15(a) of the Federal Rules of Civil Procedure, such a pleading would still not survive the screening process. In essence, it appears that Neff attempts to amend his complaint by incorporating broad, unspecified allegations from another action by reference. *See* Fed. R. Civ. P. 10(c). However, "it has been held that allegations in pleadings in another action, even if between the same parties, cannot be incorporated by reference [under Fed. R. Civ. P. 10(c)]." *Kohler v. Commonwealth of Pennsylvania*, No. CV 10-4748, 2011 WL 13199209, at *1 (E.D. Pa. Jan. 28, 2011) (quoting C. Wright & A. Miller, 5A Federal Practice & Procedure § 1326 (2004)); Fed. R. Civ. P. 10(c).

Accordingly, assuming *arguendo* that the Court could permissibly consider the outside filings Neff seemingly relies upon in evaluating the "Amended Complaint," he has failed to incorporate such documents "with a degree of clarity which enables the responding party to ascertain the nature and extent of the incorporation." *See Kohler*, 2011 WL 13199209, at *1 (citing *Heintz & Co. v. Provident Tradesmens Bank & Trust Co.*, 29 F.R.D. 144, 145 (E.D. Pa. 1961)). With respect to his other documents, "simply attaching various exhibits to the complaint in the apparent hope that [the Court] will be able to ferret out the elements of a cause of action against the[] defendants, is legally insufficient to state a claim." *Patel v. Geisinger Health*, No. 4:18-CV-2253, 2018 WL 7019255, at *5 (M.D. Pa. Nov. 27, 2018), *report and recommendation adopted,* No. 4:18-CV-02253, 2019 WL 174560 (M.D. Pa. Jan. 11, 2019) (citing *Walthour v. Child & Youth Servs.*, 728 F. Supp. 2d 628, 636 (E.D. Pa. 2010) (dismissing claims against defendants who were only identified in exhibits attached to complaint, and not in the body of the pleading)). Thus, even if Neff's subsequent filings were construed as a single pleading, the Court's analysis would remain the same.

36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the Complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Neff's rights as a *pro se* litigant, the Court will allow him to file a single, unified, legible amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

Neff is advised that the amended complaint must be a pleading that **stands by itself without reference to the original complaint**. *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Neff intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Neff is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file an amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

III.    **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff Keith D. Neff's Complaint and Amended Complaint fails to state a claim upon which relief can be granted under 28 U.S.C.

§ 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 1; Doc. 13). Neff shall be granted 30 days in which to file an amended complaint.

An appropriate Order follows.

Dated: October 6, 2021                              *s/ Karoline Mehalchick*
                                                    **KAROLINE MEHALCHICK**
                                                    **United States Magistrate Judge**

9