# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

KEITH D. NEFF, et al.,

               Plaintiffs,

   v.

COMMISSIONERS OF SCHUYLKILL
COUNTY, et al.,

               Defendants.

CIVIL ACTION NO. 3:21-CV-00993

(MEHALCHICK, M.J.)

## MEMORANDUM

Presently before the Court are two amended complaints seeking damages and injunctive relief filed by *pro se* prisoner-Plaintiff Keith D. Neff ("Neff") on November 17, 2021, and December 13, 2021.[1] (Doc. 74; Doc. 75). Additionally, there is a pending motion for injunctive relief filed by Neff on June 21, 2021. (Doc. 10). Neff is currently incarcerated in the Pennsylvania State Correctional Institution at Frackville ("SCI-Frackville"). (Doc. 75, at 4). In the amended complaints, Neff does not identify which damages are sought against Defendants "Warden Schell and Centre County Corrections" and Defendants "Halcovage, Bender, [and] Hess." (Doc. 74, at 1; Doc. 75, at 1). Liberally construing Neff's *pro se* status, the Court will consider both two amended complaints in conducting its statutorily mandated screening in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2). (Doc. 74; Doc. 75). For the reasons provided herein, the Court finds that the amended complaints fail to state a claim upon which relief may be granted and grants Neff leave to file a second amended complaint.

---

[1] Neff filed an "amended complaint" on June 22, 2021, that lists additional Plaintiffs Laura Johnson, Angelica Maready, Nicole Savage, Mariah Lewis, Jill Datchko, Monica Mike, and Kathy Tonkin. (Doc. 14, at 1). These additional Plaintiffs are not mentioned again in subsequent pleadings.

I.   **BACKGROUND AND PROCEDURAL HISTORY**

Neff, proceeding *pro se*, initiated the instant action by filing the complaint on June 3, 2021.[2] (Doc. 1). Neff filed the motion for injunctive relief on June 21, 2021, and a brief in support on August 2, 2021. (Doc. 10; Doc. 24). On October 21, 2021, the Court granted Neff's motion to proceed *in forma pauperis*. (Doc. 32; Doc. 57). After conducting its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), the Court found that the complaint failed to state a claim upon which relief can be granted and granted Neff leave to file an amended complaint. (Doc. 58; Doc. 59).

On November 17, 2021, Neff filed the first amended complaint, asserting claims against "Warden Schell and Centre County Corrections" pursuant to 18 U.S.C. §§ 241, 242, 249, 1961, and 42 U.S.C. §§ 1983, 1985. (Doc. 74, at 1). From what can be gleaned from the instant pleading, Neff asserts that Centre County Corrections "trespass[ed] on Schuylkill County Prison premises with the intent to engage in human trafficking to gain an illegal," as well as racketeering and kidnapping. (Doc. 74, at 1). Additionally, Neff asserts procedural due process deprivation and requests a modification of the Pennsylvania Department of Corrections policy that limits free envelope distribution. (Doc. 74, at 3). Neff does not identify what relief he seeks. (Doc. 74, at 1).

---

[2] Also before the Court are a series of complaints, supplements, and memoranda filed by Neff beginning on June 3, 2021. (Doc. 1; Doc. 8; Doc. 9; Doc. 11; Doc. 13; Doc. 14; Doc. 16; Doc. 17; Doc. 19; Doc. 20; Doc. 21; Doc. 22; Doc. 23; Doc. 25; Doc. 26; Doc. 27; Doc. 30; Doc. 31; Doc. 33; Doc. 34; Doc. 36; Doc. 37; Doc. 38; Doc. 39; Doc. 41; Doc. 42; Doc. 43; Doc. 44; Doc. 45; Doc. 46; Doc. 47; Doc. 48; Doc. 49; Doc. 50; Doc. 51; Doc. 52; Doc. 53; Doc. 54; Doc. 55; Doc. 56; Doc. 60; Doc. 61; Doc. 62; Doc. 63; Doc. 64; Doc. 65; Doc. 66; Doc. 67; Doc. 68; Doc. 69; Doc. 70; Doc. 72; Doc. 73).

On December 13, 2021, Neff filed another amended complaint, asserting claims against additional Defendants Halcovage, Bender, and Hess for "an unconstitutional parole policy in regards to the parole application." (Doc. 745, at 1). Neff asserts that the Schuylkill County Parole and Probation Board violate his Fourteenth Amendment right to due process. (Doc. 75, at 1). Neff does not allege facts that describe how the Defendants allegedly violated his constitutional rights or identify what relief he seeks to recover. (Doc. 75, at 1).

The matter is now before the Court pursuant to its statutory obligation under 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e) to screen the amended complaint and dismiss it if it fails to state a claim upon which relief can be granted.

II.     LEGAL STANDARDS

A. INJUNCTIVE RELIEF

Preliminary injunctive relief is extraordinary in nature and should be issued in only limited circumstances. *See Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1426-27 (3d Cir. 1994). Moreover, the issuance of such relief is within the sound discretion of the district judge. *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Chamberlain*, 145 F. Supp. 2d 621, 625 (M.D. Pa. 2001). In order to obtain injunctive relief, the moving party must demonstrate: "(1) likelihood of success on the merits; (2) irreparable harm resulting from a denial of the relief; (3) the harm to the non-moving party if relief is granted; and (4) the public interest." *United States v. Bell*, 238 F. Supp. 2d 696, 699 (M.D. Pa. 2003). "Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue." *Opticians Ass'n of Am. v. Indep. Opticians of Am.*, 920 F.2d 187, 192 (3d Cir. 1990).

"[A]n essential prerequisite to the grant of a preliminary injunction is a showing by the

movant of irreparable injury *pendente lite* of the relief is not granted."[3] *United States v. Pennsylvania*, 533 F.2d 107, 110 (3d Cir. 1976). Indeed, a preliminary injunction "may not be used simply to eliminate a possibility of a remote future injury." *Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969). "[T]he irreparable harm must be actual and imminent, not merely speculative." *Angstadt ex rel. Angstadt v. Midd-West Sch.*, 182 F. Supp. 2d 435, 437 (M.D. Pa. 2002). "[M]ore than a risk of irreparable harm must be demonstrated. The requisite for injunctive relief has been characterized as a 'clear showing of immediate irreparable injury,' or a 'presently existing actual threat . . .'" *Continental Grp., Inc. v. Amoco Chems. Corp.*, 614 F.2d 351, 359 (3d Cir. 1980) (citations omitted). "A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent *future* irreparable harm." *Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D.N.Y. 1997) (emphasis in original).

Moreover, "[t]he 'requisite feared injury or harm must be irreparable – nor merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *ECRI v. McGraw-Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987) (quoting *Glasco v. Hills*, 558 F.2d 179, 181 (3d Cir. 1977)). "In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial. The preliminary injunction must be the *only* way of protecting the plaintiff from harm." *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989) (emphasis added). "The key word in this consideration is *irreparable*. . . The possibility that adequate compensatory or other corrective relief will be available at a later

---

[3] *Pendente lite* is a Latin term meaning "while the action is pending" or "[d]uring the proceeding or litigation." *Black's Law Dictionary* 1154 (7th ed. 1999).

date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm." *Sampson v. Murray*, 415 U.S. 61, 90 (1974) (emphasis in original).

B.  28 U.S.C. § 1915A AND 28 U.S.C. § 1915(E)(2)

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill*, 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2). In this case, because Neff is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended

complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be

construed in the light most favorable to the plaintiff. *Jordan*, 20 F.3d at 1261. This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must

permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

III.   **DISCUSSION**

   A.   THE MOTION FOR INJUNCTIVE RELIEF IS IMPROPER

   Reviewing the amended complaint, other pleadings, and the motion, it is clear that no immediate irreparable injury is alleged. In the motion for injunctive relief, Neff seeks injunctive relief and punitive damages against Correctional Officer "Bermel" for observing his medical records, which Neff argues is a violation of HIPPA. (Doc. 10, at 1). Neff asserts that his medical information "may now be passed to lawyers represented by defendants in an ongoing civil lawsuit or my ex-corrupt lawyer William Burke." (Doc. 10, at 1). In the brief in support to the motion, Neff asserts a myriad of different allegations and claims that are unrelated to the instance that is the subject of the motion for injunctive relief, including lack of meaningful access to the law library, illegal transfer of other inmates, and slander. (Doc. 24, at 1-4).

   When construed in the light most favorable to Neff, the motion does not demonstrate that any future harm in connection with his claims for injunctive relief is imminent, as opposed to speculative. *See Angstadt*, 182 F. Supp. 2d at 437. The facts averred therein are concerned solely with an alleged instance where Correctional Officer "Bermel" may have viewed Neff's medical records. (Doc. 10, at 1). The pleadings fail to articulate a presently existing actual threat of irreparable injury, outlining nothing more than a speculative possibility of future harm, based upon a single past interaction with a correctional officer. Such allegation is insufficient to establish a "clear showing of immediate irreparable injury."

8

*See Continental Grp.*, 614 F.2d at 359. Thus, the Court finds that Neff's request for injunctive relief is improper. Accordingly, the motion for injunctive relief is DENIED. (Doc. 10).

B. THE AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

At the outset, the amended complaint fails to comply with Rule 8 of the Federal Rules of Civil Procedure. As discussed *supra*, Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Here, even when liberally construed as is necessary for *pro se* complaints, Neff fails to simply, concisely, and directly allege what his claims are and does not provide fair notice of the grounds on which his intended claims rest. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007). He simply alleges that Defendant Centre County Corrections "trespass[ed] on Schuylkill County Prison premises with the intent to engage in human trafficking to gain an illegal," in addition to claims of racketeering and kidnapping. (Doc. 74, at 1). Additionally, Neff alleges that Defendants Halcovage, Bender, and Hess "have an unconstitutional parole policy in regards to the parole application." (Doc. 75, at 1). Neff alleges no facts relating to a particular occurrence in which his Constitutional rights were deprived, which rights Neff was deprived of, or what recovery Neff seeks, apart from changing the internal envelope policy of the Pennsylvania Department of Corrections. (Doc. 74, at 1-3; Doc. 75, at 1). Moreover, Neff does not identify how each Defendant is personally involved in the alleged wrongdoings. (Doc. 74, at 1; Doc. 75, at 1).

Furthermore, Neff has filed numerous documents, including supplements, amendments, "memorandums," and "writs of habeas corpus." *See supra* note 1. The Court has reviewed these documents, construing them liberally. Notably, it appears that several of

these filings, which are largely rambling and incomprehensible, overlap with other actions involving Neff. *See Neff v. Wapinski, et al.*, No. 4:21-CV-01334 (M.D. Pa. July 30, 2021); *Schuylkill Cty. Inmates, et al. v. Comm'rs of Centre Cty. et al.*, No. 3:21-CV-01342 (M.D. Pa. July 30, 2021). Despite the various cross-references, "[n]either Fed. R. Civ. P. 8, which governs pleadings, nor Fed. R. Civ. P. 15, which governs amended and supplemental pleadings, permits [Neff] to submit numerous addenda to his Complaint in this piecemeal fashion." *See Lewis v. Sessions*, No. 17-CV-5475, 2017 WL 7313822, at *2 (D.N.J. Nov. 3, 2017); *see also Walthour v. Child & Youth Servs.*, No. 09-CV-03660, 2009 WL 5184465, at *1-2 (E.D. Pa. Dec. 21, 2009) ("Plaintiffs' pleadings, amendments, and supplemental filings are disjointed and incomplete . . . Defendants cannot be on notice of the claims against them if they are not named in the caption, nor can they adequately respond to claims scattered throughout various pleadings and supplemental fillings."). Neff's vague and fragmented filings fail to overcome the pleading deficiencies contained in his amended complaint. (Doc. 74; Doc. 75).

Neff runs afoul of Rule 8(a)(2)'s basic tenant that the "'plain statement' [must] possess enough heft to 'sho[w] that the pleader is entitled to relief.'" *See Twombly*, 550 U.S. at 545; *see also Cooper v. Link*, No. 18-CV-4481, 2018 WL 6528170, at *5 (E.D. Pa. Dec. 12, 2018) ("[Plaintiff] cannot move forward on his complaint as pled because it is not clear what each Defendant did to violate his rights."). Thus, in its current form, the amended complaint would not provide any meaningful opportunity for the Defendants to decipher or answer the vague allegations levied against them. *See Twombly*, 550 U.S. at 555. As such, Neff's amended complaint is subject to dismissal in its entirety for failure to state a claim upon which relief may be granted. (Doc. 74; Doc. 75).

C.  LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the amended complaint in its current form does not clearly set forth any claims against the Defendants, dismissal is warranted. However, so as to preserve Neff's rights as a *pro se* litigant, the Court will allow him to file a final, unified, legible second amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by the Defendants.

Neff is advised that the second amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The second amended complaint must also establish the existence of specific actions taken by the Defendants which have resulted in identifiable constitutional violations, to the extent Neff intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Neff is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The second amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a second amended complaint in accordance with the aforementioned requirements may result in the dismissal of this action in its entirety.**

11

IV.   **CONCLUSION**

Based on the foregoing, the Court finds that Plaintiff Keith D. Neff's amended complaint fails to state a claim upon which relief can be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 74; Doc. 75). Neff shall be granted thirty (30) days in which to file a second amended complaint. Additionally, Neff's motion for injunctive relief fails to establish an existing actual threat of irreparable injury, but Neff is granted leave to file an amended motion in consideration of the leave to file a second amended complaint. (Doc. 10).

An appropriate Order follows.

Dated: December 15, 2021                    s/ Karoline Mehalchick
                                            **KAROLINE MEHALCHICK**
                                            **Chief United States Magistrate Judge**